**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIO CESAR SAAVEDRA-
MARTINEZ, AKA Cesar Galvan
Martinez,

               Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 13-73400

Agency No. A073-946-253

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

    Julio Cesar Saavedra-Martinez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Even if Saavedra-Martinez's asylum application were not time-barred, substantial evidence supports the agency's adverse credibility finding based on Saavedra-Martinez's prior fraudulent asylum application, fraudulent NACARA application and interview, and his inconsistent testimony about whether he knew about the fraud and possessed a copy of the fraudulent asylum application.  *See Shrestha*, 590 F.3d at 1046 (inconsistencies in petitioner's testimony supported adverse credibility finding); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1050-51 (9th Cir. 2008) (prior fraudulent application supported adverse credibility finding); *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference").  Substantial evidence also supports the agency's conclusion that Saavedra-Martinez failed to establish a well-founded fear of future persecution in Mexico on account of his homosexuality.  *See Castro-*

*Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011).  Thus, we deny the petition for review as to Saavedra-Martinez's asylum claim.

Because Saavedra-Martinez failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We deny Saavedra-Martinez's request for referral to the Circuit Mediator's Office.

**PETITION FOR REVIEW DENIED.**